## C. SMITH v. THE STATE.

THEFT—EVIDENCE.—See this case for evidence held insufficient to show a felonious intent, notwithstanding the accused participated in the killing of the stolen beef, and afterwards falsely denied possession of part of the meat.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The facts are stated in the opinion.

No brief for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

White, J.   The defendant was indicted jointly with one W. R. Wharton and one W. P. Coombs for the theft of a yearling whose owner was unknown.   This appellant was alone tried, and the trial resulted in his conviction, with the punishment assessed at two years in the penitentiary.

The evidence shows that the appellant was a negro boy, under age, who lived with his mother upon a tract of land adjoining the Mays farm, upon which latter farm Wharton and Coombs, and Dougherty and Coleman Smith, the defendant, were working; and that Mays, who owned the land, professed to have a claim upon a bunch of wild cattle that were running in the river bottom, and had promised Wharton and Coombs, who were white men, that they might kill one of his beeves during some of their leisure time.

On the Sunday evening before the yearling was killed, Coombs and Dougherty went over to the house occupied by Coleman Smith and his mother to get Coleman to go with them and help kill the beef.   Coleman's mother refused to let him go until they gave her assurances that the beef they intended killing belonged to Mays, and that he had consented that they might kill it.

The next evening, after dark, Wharton, Coombs, and the defendant went out and killed the yearling, the defendant taking part of the meat home to his mother, and Wharton taking the balance.

The above facts are undisputed, and there is no evidence establishing the fact that defendant went along and participated in the killing of the beef, knowing the unlawful intent of the others who were with him and who induced him to go.   His criminality is made to depend solely upon the fact

that he aided in the killing of the beef at night, and on the next morning, when the party searching for the offenders came to his mother's house and said they were officers and came to search for beef, that defendant denied that it was there, but, when his mother immediately spoke out and said the beef was there, the defendant told all about the killing. His denial is the only evidence in the case against him.

Taking all the particular circumstances and surroundings of the case, we are not satisfied of the correctness of the verdict and judgment. The guilt of the accused is not made to appear with that certainty which should be required in cases of felony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*